**IN THE UNITED STATES COURT FOR THE
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**UNITED STATES OF AMERICA,**

**v.**                                                         Criminal No.   **3:19-MJ-99**

**ELIZABETH JO SHIRLEY,**
          **Defendant**.

**UNITED STATES' MOTION FOR PRETRIAL DETENTION**

The United States moves for pretrial detention of defendant pursuant to 18 U.S.C. Section 3142(e) and (f).

1. Eligibility of Case.   This case is eligible for a detention order because the case involves (check all that apply):

    | | |
    |---|---|
    | \_\_\_\_ | a crime of violence, a violation of section 1591, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; |
    | \_\_\_\_ | an offense for which the maximum sentence is life imprisonment or death; |
    | \_\_\_\_ | an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46; |
    | \_\_\_\_ | any felony if such person has been convicted of two or more offenses described in subparagraphs (A) through (C) of Title 18 U.S.C. Section 3142(f)(1), or two or more State or local offenses that would have been offenses described in subparagraphs (A) through (C) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; or |
    | __X__ | any felony that is not otherwise a crime of violence that involves a minor victim or that involves the possession or use of a firearm or destructive device (as those terms are defined in section 921), or any other dangerous weapon, or involves a failure to register under section 2250 of title 18, |

          United States Code;

__X__ Serious risk defendant will flee;

__X__ Serious risk obstruction of justice

2. Reason for Detention. The court should detain defendant because there are no conditions of release which will reasonably assure (check one or both):

    __X__ Defendant's appearance as required

    __X__ Safety of any other person and the community

3. Rebuttable Presumption.

A rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community because:

    ____ a) the defendant has been convicted of a Federal offense that is described in Title 18 U.S.C. Section 3142(f)(1), or of a State or local offense that would have been an offense described in subsection (f)(1) of this section if a circumstance giving rise to Federal jurisdiction had existed; b) the offense was committed while the defendant was on release pending trial for a Federal, State, or local offense; and c) a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for that offense whichever is later.

A rebuttable presumption arises that that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community because the defendant committed:

    ____ an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46;

    ____ an offense under section 924(c), 956(a), or 2332b of this title;

    ____ an offense listed in section 2332b(g)(5)(B) of title 18, United States Code, for which a maximum term of imprisonment of 10 years or more is prescribed;

    ____ an offense under chapter 77 of this title for which a maximum term of

        imprisonment of 20 years or more is prescribed; or

_____    an offense involving a minor victim under section 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425 of this title.

4. Time for Detention Hearing. The United States requests the court conduct the detention hearing

    _____    At first appearance

    __X__    After continuance of __3__ days (not more than 3)

5. Other Matters: _____

DATED this 2nd day of April, 2020.

        Respectfully submitted,

        UNITED STATES OF AMERICA,
        WILLIAM J. POWELL
        UNITED STATES ATTORNEY

        /s/ Jarod J. Douglas
        Jarod J. Douglas
        Assistant United States Attorney

## CERTIFICATE OF SERVICE

I, Jarod J. Douglas, Assistant United States Attorney for the Northern District of West Virginia, hereby certify that on the 2nd day of April 2020, the foregoing UNITED STATES' MOTION FOR PRETRIAL DETENTION was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to following counsel of record:

> Edward B. MacMahon, Jr., Esq.
> 107 E. Washington Street
> Middleburg, VA 20117
> *Counsel for Defendant*
>
> Nicholas J. Compton, Esq.
> Assistant Federal Public Defender
> MVB Bank Building
> 651 Foxcroft Avenue, Ste. 202
> Martinsburg, WV 25401
> *Counsel for Defendant*

/s/ Jarod J. Douglas
_____

Jarod J. Douglas
Assistant United States Attorney