

**United States Department of Justice**

*William J. Powell*
*United States Attorney's Office*
*Northern District of West Virginia*

United States Courthouse
1125 Chapline Street
P.O. Box 591
Wheeling, WV 26003

Phone: (304) ███████
FAX: (304) ███████

**FILED**
JUL 6 - 2020
U.S. DISTRICT COURT-WVND
MARTINSBURG, WV 25401

Edward B. MacMahon, Jr., Esq.
107 East Washington Street
Middleburg, VA 20117
*VIA E-MAIL DELIVERY*

April 28, 2020

In re:   <u>United States v. Elizabeth Jo SHIRLEY</u>, Criminal No.: 3:20-CR-**21**

Dear Mr. MacMahon:

This will confirm conversations with you concerning your client, Elizabeth Jo Shirley (hereinafter referred to as "Defendant" or "Ms. Shirley"). All references to the "Guidelines" refer to the guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended.

It is agreed between the United States and your client as follows:

1.       Ms. Shirley will waive her right to have her case presented to a Grand Jury and plead guilty to a two-count Information to be filed in this district.

Count One will charge her with Willful Retention of Defense Information, in violation of Title 18, United States Code, Section 793(e).

Count Two will charge her with International Parental Kidnapping, in violation of Title 18, United States Code, Section 1204.

2.       The maximum penalty to which Ms. Shirley will be exposed by virtue of her plea of guilty to Count One is:  imprisonment for a term of not more than ten (10) years, a fine of not more than $250,000.00, and a term of supervised release of not more than three (3) years, pursuant to Title 18, United States Code, Sections 793, 3559(a)(3), 3571(b)(3), and 3583(b)(2).


_____          ___30 Ape 2020___
Elizabeth Jo Shirley, Defendant              Date

_____          ___4-30-2020___
Edward B. MacMahon, Jr., Esq.                Date
Counsel for Defendant

- 1 -

The maximum penalty to which Ms. Shirley will be exposed by virtue of her plea of guilty to Count Two is:  imprisonment for a term of not more than three (3) years, a fine of not more than $250,000.00, and a term of supervised release of not more than one (1) year, pursuant to Title 18, United States Code, Sections 1204, 3559(a)(5), 3571(b)(3), and 3583(b)(3).

Ms. Shirley will also be required to pay a mandatory special assessment of $200.00 (Title 18, United States Code, Section 3013) which must be paid before the date of sentencing by money order, or certified check, made payable to the United States District Court.  It is also understood that Ms. Shirley might be required by the Court to pay the costs of any incarceration.  In addition, it is understood that Ms. Shirley's conviction under Title 18, United States Code, Section 793 has potential consequences under Title 5, United States Code, Section 8312.

3.      Pursuant to Sections 6B1.4 and 1B1.3 of the Guidelines, the parties hereby stipulate and agree that the base offense level for Count One is **Base Offense Level 29** pursuant to Section 2M3.3(a)(1) because Ms. Shirley willfully retained national defense information that was classified at the TOP SECRET/SENSITIVE COMPARTMENTED INFORMATION ("SCI") level.

Pursuant to Section 3B1.3 of the Guidelines, the parties hereby further stipulate and agree that there is a **two-level increase** in the offense level for Count One because Ms. Shirley abused a position of public trust and used a special skill in a manner that significantly facilitated the commission and concealment of the offense.

Moreover, the parties hereby stipulate and agree that the base offense level for Count Two is **Base Offense Level 14** pursuant to Section 2J1.2.

Finally, the parties hereby stipulate and agree that Count One and Count Two group pursuant to Section 3D1.2.

The parties understand that pursuant to Section 6B1.4(d), the Court is not bound by the above stipulations, and if not accepted by the Court, Ms. Shirley will not have the right to withdraw her plea of guilty.

4.      In support of Ms. Shirley's pleas of guilty and the parties' stipulations concerning the United States Sentencing Guidelines in Paragraph 3, the parties hereby stipulate and agree to the following facts.

_____
Elizabeth Jo Shirley, Defendant

_____
Edward B. MacMahon, Jr., Esq.
Counsel for Defendant

30 APR 2020
_____
Date

4 - 30 - 2020
_____
Date

- 2 -

a. <u>Count One (Willful Retention of National Defense Information Offense and Relevant Conduct)</u>.

Classified information relating to the national defense is closely held and maintained under specific security conditions. Because of her work responsibilities with the U.S. Government and her security clearance, Ms. Shirley was able to access classified national defense information in secure locations and computer systems. Beginning in the 1990s, Ms. Shirley removed without authorization from such secure locations classified paper and digital documents containing information—including TOP SECRET information—relating to the national defense. She retained those documents in her residences, on her person, in her electronic devices, and in a storage unit she rented in Berkeley County, West Virginia in May 2016. In July 2019, Ms. Shirley traveled to Mexico with her six-year-old daughter with the intent to make contact with representatives of the Government of Russia to request resettlement in a country that would not extradite her to the United States. Ms. Shirley took with her to Mexico some of the national defense information she had retained.

From March 1994 to March 2000, Ms. Shirley served on active duty with the United States Air Force. In August 1994, the Air Force granted Ms. Shirley her first TOP SECRET/SENSITIVE COMPARTMENTED INFORMATION ("SCI") security clearance. After leaving active duty, Ms. Shirley served in the U.S. Navy Reserves. While serving in the Air Force, she worked on assignments with the National Security Agency ("NSA"). From May 2001 to August 2012, Ms. Shirley held various positions with the U.S. Navy's Office of Naval Intelligence, the Department of Defense, the Department of Energy, the National Cyber Investigative Joint Task Force, and at least five different cleared defense contractors. In connection with these positions, Ms. Shirley held TOP SECRET/SCI security clearances at various times. In addition, in November 2003, Ms. Shirley was granted a "Q" security clearance for her work with the Department of Energy, which permitted her to access classified information related to nuclear weapons and related materials.

Ms. Shirley's access to classified information was based in part upon her agreement to follow the laws, regulations, and government policies regarding the handling, marking, transportation, and storage of classified materials. Over her many years holding a security clearance, Ms. Shirley signed numerous agreements with the U.S. Government agreeing to abide by these conditions. Ms. Shirley regularly received training regarding classified information, including the definitions of classified information, the levels of classification, and SCI, as well as the proper handling, marking, transportation, and storage of classified materials. Ms. Shirley received training on her duty to protect classified materials from unauthorized disclosure, which included complying with handling, transportation, and storage requirements. Ms. Shirley knew that unauthorized removal of classified materials and transportation and storage of those materials in unauthorized locations risked disclosure of those materials, and therefore could endanger the national security of the United States and the safety of its citizens.

_____    _____
Elizabeth Jo Shirley, Defendant       Date   30 Apr 2020

_____    _____
Edward B. MacMahon, Jr., Esq.         Date   4-30-2020
Counsel for Defendant

- 3 -

In particular, Ms. Shirley was advised repeatedly that unauthorized disclosure of TOP SECRET information reasonably could be expected to cause exceptionally grave damage to the national security of the United States, and that violation of rules governing the handling of classified information could result in criminal prosecution. Training presentations and materials specifically warned Ms. Shirley that she was prohibited from retaining classified information outside the workplace.

In May 2019, Ms. Shirley traveled to Mexico for a few days to "scout out" how to cross the U.S. border and travel to Mexico with her daughter.

On July 19, 2019, Ms. Shirley and her daughter began their journey by personal vehicle, airplane, taxi, and bus from Hedgesville, West Virginia to Mexico City, Mexico, where they arrived a few days later. Ms. Shirley traveled to Mexico with several electronic devices, including at least one laptop computer, two tablets, five cell phones, four mobile phone SIM cards, three external hard drives, four thumb drives, and nine SD cards. Ms. Shirley also brought identity documents and proof of her bona fides as someone who had worked with the U.S. Government, including the United States Intelligence Community, for over two decades. In traveling to Mexico with these items, Ms. Shirley intended to make contact with representatives of the Russian Government through its embassy located in Mexico City, and offer her skillset in exchange for money and resettlement in a country that would not extradite her to the United States.

While in Mexico City in early August 2019, Ms. Shirley drafted multiple messages to Mexico-based representatives of the Government of Russia. In one message ("Message #1"), which Ms. Shirley printed, she stated,

> Read Me First. For the Rezident.[1] You have a virtual walk-in. Please consider my request seriously. Americans would never dangle their top Intelligence Community [Country A] Cyber expert and her child. I think that after reviewing my credentials . . . you will be pleasantly surprised. You can polygraph (box) me and debrief me at length.

Ms. Shirley further wrote that she "would very much like Russian Asylum, citizenship and consulting work," and that she "would be a particular asset to Russia with [her] background and skillset." Ms. Shirley also stated, "I have an urgent need of having items shipped from the USA related to my life's work before they are seized or destroyed." Ms. Shirley concluded that she looked "forward to hearing" from the person and to starting "a mutually beneficial arrangement."

---

[1] "Rezident" is a Russian intelligence term for a representative of one nation's intelligence service who resides in another nation and directs intelligence operations.

Elizabeth Jo Shirley, Defendant                    Date    30 Apr 2020

Edward B. MacMahon, Jr., Esq.                      Date    4-20-2020
Counsel for Defendant

- 4 -

In another message she drafted while in Mexico City ("Message #2"), Ms. Shirley outlined her requests of the Russian Government, which included, among other things, money, housing, and new identities for herself and her daughter. In addition, Ms. Shirley requested (1) to establish a secure method of communication, warning, "any compromise and my data will lose its utility and shelf-life[,]" (2) that the Russian Government agree in writing that it would never trade her to the United States, to the European Union, to any United States partners, or to [Country A], and (3) for assistance importing her possessions, including reference materials, papers, and computer work files related to her previous work, which needed to be shipped urgently so they were not confiscated before they could be retrieved.

In a third message she drafted while in Mexico City ("Message #3"), Ms. Shirley described her background, touted her experience working with the U.S. Intelligence Community, and noted her previous access to TOP SECRET and nuclear-related classified information.

On August 13, 2019, the United States Marshals Service and Mexican law enforcement located Ms. Shirley and her daughter at a hotel in Mexico City. Mexican authorities arrested Ms. Shirley pursuant to an arrest warrant the West Virginia State Police had obtained on a charge of concealment of a minor from a custodian. At the time of her arrest, Ms. Shirley was in possession of handwritten notes listing the names of individuals working at the Russian Embassy in Mexico City. Next to the names, the notes listed times, such as 9:30 a.m. to 12:30 p.m. The notes also included the addresses of the Russian Embassies in Cuba and Panama. The next day, law enforcement authorities delivered Ms. Shirley and her luggage via airplane to the custody of law enforcement at John F. Kennedy Airport in New York City.

On August 18, 2019, the FBI executed a search warrant at a Berkeley County, West Virginia storage unit that Ms. Shirley had rented since in or around May 2016. Ms. Shirley visited this storage unit on July 19, 2019, immediately before beginning the trip to Mexico City with her daughter.

The FBI subsequently executed search warrants on numerous of Ms. Shirley's electronic devices, including devices she took to Mexico in July 2019 and devices the FBI seized from her storage unit in August 2019. Pursuant to these searches, the FBI identified the following items, all of which Ms. Shirley retained without authorization.

i.    NSA Document (Count One)

FBI seized a hard copy document ("Document A") from Ms. Shirley's storage unit. Document A is a National Security Agency report outlining intelligence information regarding a foreign government's military and political issues. Document A is classified at the TOP SECRET/SCI level, is closely held by the U.S. government, and constitutes national defense information. Based on the level and amount of details contained in the document, its unauthorized release could be expected to cause exceptionally grave damage to the national security of the United States.

_____          ___30 Apr 2020___
Elizabeth Jo Shirley, Defendant             Date

_____          ___4-30-2020___
Edward B. MacMahon, Jr., Esq.               Date
Counsel for Defendant

Ms. Shirley was aware that Document A was classified and contained national defense information and that retaining Document A in her storage unit put the information and national security at risk. Ms. Shirley's storage unit was not a location authorized to store classified information. Ms. Shirley knew that it was not an authorized location for such storage and, having unauthorized possession of Document A relating to the national defense, willfully retained Document A and failed to deliver it to an officer or employee of the United States entitled to receive it.

      ii.    Office of Naval Intelligence Information in PowerPoint Presentation

From one the electronic devices Ms. Shirley had in her possession in Mexico City, FBI seized a PowerPoint presentation ("Document B"). FBI also seized a copy of Document B from an electronic device found in Ms. Shirley's storage unit. Document B belongs to the Office of Naval Intelligence, where Ms. Shirley previously worked, as discussed above, and concerns Department of Defense network relationships. The title slide of Document B lists Ms. Shirley as its author. Document B is classified at the SECRET level, is closely held by the U.S. government, and constitutes national defense information. Based on the level and amount of details contained in the document, its unauthorized release could be expected to cause serious damage to the national security of the United States.

      iii.    CIA Information in Message #3

From one the electronic devices Ms. Shirley had in her possession in Mexico City, FBI seized a copy of Message #3. As discussed above, Message #3 is a message to Russian Government officials that Ms. Shirley drafted while in Mexico City, in which Ms. Shirley described her background and work experience with the U.S. Intelligence Community. The Central Intelligence Agency has determined that Message #3 contains multiple statements classified at the SECRET level.

    b.   <u>Count Two (International Parental Kidnapping Offense and Relevant Conduct)</u>.

On July 19, 2019, Ms. Shirley was scheduled to return her six-year-old daughter to the child's father. The father had parental rights as the primary residential parent, pursuant to an Order entered by the Family Court of Webster County, West Virginia, in September 2018. On July 19, Ms. Shirley was scheduled to meet the father's wife in Monongalia County, West Virginia to return the child to the father. Ms. Shirley did not appear for the scheduled return. Ms. Shirley communicated with the father's wife via telephone, claiming falsely that she was experiencing car trouble and promising falsely to bring her daughter to Webster County the next day.

Elizabeth Jo Shirley, Defendant

                            30 Apr 2020
Date

Edward B. MacMahon, Jr., Esq.
Counsel for Defendant

                            4-30-2020
Date

On July 19, 2019, Ms. Shirley removed her daughter from Berkeley County, West Virginia and traveled to the Baltimore-Washington International Airport ("BWI Airport") with the intent to obstruct the lawful exercise of the father's parental rights. That evening, Ms. Shirley and her daughter lodged at a hotel near the airport after their flights for July 19 were canceled.

On July 20, 2019, Ms. Shirley and her daughter did not appear in Webster County as she had promised. Instead, on that date, Ms. Shirley and her daughter flew from BWI Airport to the Dallas-Fort Worth International Airport and then to the Laredo International Airport in Laredo, Texas. From July 20 to 21, 2019, Ms. Shirley and her daughter lodged at a hotel in Laredo, Texas.

On July 21, 2019, Ms. Shirley and her daughter traveled across the border into Mexico, ultimately arriving in Mexico City, Mexico, where law enforcement authorities ultimately located Ms. Shirley and her daughter and arrested Ms. Shirley on August 13, 2019.

5.      Ms. Shirley waives any right to have sentencing determinations made by a jury and for a jury determination of any and all facts relevant to the application of the United States Sentencing Guidelines provisions and consents to the application of the Guidelines, in conformity with United States v. Booker, 125 S.Ct. 738 (2005), and to a determination of any and all facts and a resolution of the application of any and all Guidelines factors by the United States District Judge. Ms. Shirley further agrees that the District Judge should make any sentencing determinations, including, but not limited to, Guidelines determinations, using the preponderance of the evidence standard.

6.      Ms. Shirley will be completely forthright and truthful with federal and state officials in the Northern District of West Virginia and elsewhere with regard to all inquiries made of her and will give signed, sworn statements and grand jury and trial testimony relative thereto. Ms. Shirley will agree to submit to a polygraph examination if requested to do so by the United States Attorney's Office for the Northern District of West Virginia.

Moreover, Ms. Shirley agrees to provide access to all electronic devices and accounts owned, possessed, and/or controlled by her and any files contained therein. The subject devices include, but are not limited to, **a Microsoft laptop with identification number 048826774854**. The subject accounts include, but are not limited to, **foreign e-mail accounts with the domain @yandex.com or @163.com**.

Finally, Ms. Shirley agrees to assist federal officials with locating all national defense information, classified information, and proprietary information in any form possessed and/or controlled by her or contained in premises, including electronic devices and accounts, possessed and/or controlled by her.

Elizabeth Jo Shirley, Defendant

Date    30 Apr 2020

Edward B. MacMahon, Jr., Esq.
Counsel for Defendant

Date    4-30-2020

- 7 -

7.      Nothing contained in any statement or any testimony given by Ms. Shirley or any evidence found on any of the electronic devices pursuant to Paragraph 6 will be used against her as the basis for any subsequent prosecution.  It is understood that any information obtained from Ms. Shirley in compliance with this Agreement will be made known to the sentencing Court.  However, pursuant to Guideline 1B1.8, such information may not be used by the Court in determining Ms. Shirley's applicable guideline range. This Agreement does not prevent Ms. Shirley from being prosecuted for any violations of other Federal and state laws she may have committed should evidence of any such violations be obtained from an independent legitimate source, separate and apart from that information and testimony being provided by her pursuant to this Agreement.  In addition, nothing contained in this Agreement shall prevent the United States from prosecuting Ms. Shirley for perjury or the giving of a false statement to a federal agent, if such a situation should occur by virtue of her fulfilling the conditions of Paragraph 6 above.

8.      Ms. Shirley understands and agrees that she remains bound by all non-disclosure and security agreements she has executed regarding classified information and Sensitive Compartmented Information as an employee of or contractor for the United States government.

9.      Ms. Shirley understands and agrees that she shall not knowingly have contact with any foreign government, or agents thereof, except with the express written permission of the FBI, unless such contact is solely for the purpose of obtaining a visa for foreign travel, entering and departing a foreign country through customs control, or otherwise related to lawful international travel. Ms. Shirley shall not seek or knowingly accept, personally or through another person or entity, any benefit from any foreign government or agent thereof. Should such a benefit be received by Ms. Shirley, or some person or entity on her behalf, she hereby assigns any such benefit to the United States.

10.      As part of this plea agreement, and based upon the concessions of the United States in this plea agreement, Ms. Shirley knowingly, willingly, and voluntarily gives up the right to seek any additional discovery. Further, Ms. Shirley knowingly, willingly, and voluntarily waives all pending requests for discovery.

11.      Ms. Shirley understands and agrees that no later than 30 days following her sentencing hearing, she will, through her attorneys, return to the United States all discovery provided by the United States in this case, with the exception of any unclassified materials this Office gives Ms. Shirley express, written permission to retain. The Government reserves the right to inspect the specific documents Ms. Shirley wishes to retain to determine whether they are classified or otherwise must be returned to the Government. Except for materials the Government permits Ms. Shirley to retain, Ms. Shirley expressly consents to the United States destroying or retaining these items as it sees fit without notice to her.


_____                    ___30 Apr 2020_____
Elizabeth Jo Shirley, Defendant                     Date

_____                    ___4-30-2020_____
Edward B. MacMahon, Jr., Esq.                       Date
Counsel for Defendant

- 8 -

12.     Specifically, but without limitation on the Government's right to forfeit all property subject to forfeiture as permitted by law, Ms. Shirley agrees to forfeit to the United States all of Ms. Shirley's right, title, and interest in the following items that Ms. Shirley agrees constitute money, property, and/or assets derived from or obtained by Ms. Shirley as a result of, or used to facilitate the commission of, Ms. Shirley's illegal activities: all papers, digital media, and electronic devices seized from her storage unit and person in or about August 2019, and all electronic devices in her possession while in Mexico in July and August 2019.

13.     At final disposition, the United States will advise the Court of Ms. Shirley's forthrightness and truthfulness, or failure to be forthright and truthful, and ask the Court to give the same such weight as the Court deems appropriate.

14.     There have been no representations whatsoever by any agent or employee of the United States, or any other law enforcement agency, as to what the final disposition in this matter should or will be.  This Agreement includes <u>nonbinding</u> sentencing recommendations by the United States, pursuant to Rule 11(c)(1)(B).  However, Ms. Shirley understands that the Court is <u>not</u> bound by these sentencing recommendations, and that she has <u>no</u> right to withdraw her guilty plea if the Court does not follow the sentencing recommendations set forth in this Plea Agreement.

15.     The United States will make the following <u>nonbinding</u> recommendations: 1) if Ms. Shirley accepts responsibility, and if the probation office recommends a two-level reduction for "acceptance of responsibility," as provided by Guideline 3E1.1, the United States will concur in the recommendation; 2) should Ms. Shirley give timely and complete information about her own involvement and provide timely notice of her intent to plead guilty, permitting the United States to avoid trial preparation, and comply with all the requirements of this Agreement, the United States will recommend, if applicable, an additional one-level reduction for this "timely acceptance" of responsibility.  In order to be eligible for this timely acceptance of responsibility, **Ms. Shirley must execute this Plea Agreement on or before 5:00 p.m., May 4, 2020**, and return or fax an executed copy to the United States by that day and time; and 3) the United States will recommend that any sentence of incarceration imposed should be at the lower end of the applicable Guideline range.

16.     If, in the opinion of the United States, Ms. Shirley either engages in conduct defined under Application Notes 4(A) through (K) of Guideline 3C1.1, fails to cooperate as promised, fails to make a truthful debriefing, is found to be deceptive during any polygraph, fails to testify fully and truthfully either at grand jury or any trial, fails to pay the special assessment prior to the sentencing hearing, or violates any other provision of the Plea Agreement, then the United States will not be bound to make the foregoing recommendations or take the foregoing actions and Ms. Shirley will not have the right to withdraw her guilty plea.

_____          ___30 Apr 2020_____
Elizabeth Jo Shirley, Defendant                Date

_____          ___4-30-2020_____
Edward B. MacMahon, Jr., Esq.                Date
Counsel for Defendant

- 9 -

17.     Ms. Shirley is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed.  Acknowledging this, and in exchange for the concessions made by the United States in this plea agreement, the defendant waives the following rights, if the Court sentences within the statutory maximums of the statutes of conviction:

a.    The defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the defendant's conviction on any ground whatsoever.  This includes a waiver of all rights to appeal the defendant's conviction on the ground that the statute(s) to which the defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s).

b.    The defendant knowingly and expressly waives all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

c.    To challenge the conviction or the sentence which is within the maximum provided in the statute of conviction or the manner in which it was determined in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255.

Nothing in this paragraph, however, will act as a bar to the defendant perfecting any legal remedies she may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct.  The defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct.

This waiver of appellate rights is not intended to represent the defendant's estimation of what an appropriate or reasonable sentence would or should be. Nor does this waiver of rights prevent the defendant from arguing for a sentence below the aforementioned adjusted advisory Guideline offense level at sentencing. The United States waives its right to appeal any sentence within the applicable advisory Guideline range.  Both parties have the right during any appeal to argue in support of the sentence.

_____          _____30 Apr 2020_____
Elizabeth Jo Shirley, Defendant               Date

_____          _____4-30-2020_____
Edward B. MacMahon, Jr., Esq.                 Date
Counsel for Defendant

18.     The United States reserves the right to provide to the Court and the United States Probation Office, in connection with any presentence investigation that may be ordered pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure, or in connection with the imposition of sentence should the Court, pursuant to Rule 32(c)(1), not order a presentence investigation, relevant information, including information regarding Ms. Shirley's background, criminal record, the offenses charged in the Information and other pertinent data appearing at Rule 32(c)(2) of the Federal Rules of Criminal Procedure, as will enable the Court to exercise its sentencing discretion.  The United States also retains the right to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the anticipated presentence investigation report to be prepared by the Probation Office of the Court, and to respond to any written or oral statements made to the Court by Ms. Shirley or her counsel.

19.     If the defendant's plea is not accepted by the Court or is later set aside or if she breaches any part of this Agreement, then the Office of the United States Attorney will have the right to withdraw any sentencing recommendations and/or to void this Agreement.

20.     Ms. Shirley agrees that all monetary penalties imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided for in Title 18, United States Code, Section 3613.  Furthermore, Ms. Shirley agrees to provide all requested financial information to the United States and the Probation Office and agrees to participate in any presentencing debtor examinations.  Ms. Shirley also authorizes the Financial Litigation Unit in the U.S. Attorney's Office for the Northern District of West Virginia to access her credit report from any major credit reporting agency prior to sentencing, in order to assess the financial condition for sentencing purposes.  Ms. Shirley agrees, under penalty of perjury, to complete a financial statement to be returned with the plea agreement.  If the Court imposes a schedule of payments, Ms. Shirley agrees that it will be deemed to be merely a minimum schedule of payments, not the only method available to the United States to enforce the judgment.  If Ms. Shirley is incarcerated, she agrees to participate in the Federal Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.  In addition, Ms. Shirley agrees that the United States, through the Financial Litigation Unit, may submit any unpaid criminal monetary penalty to the United States Treasury for offset, regardless of the defendant's payment status or history at the time of said submission.


_____          _____30 Apr 2020_____
Elizabeth Jo Shirley, Defendant                        Date

_____          _____4-30-2020_____
Edward B. MacMahon, Jr., Esq.                          Date
Counsel for Defendant

- 11 -

21.     The above twenty (20) paragraphs constitute the entire agreement between Ms. Shirley and the United States of America in this matter.  **There are no agreements, understandings or promises between the parties other than those contained in this Agreement.**

Very truly yours,

WILLIAM J. POWELL
United States Attorney

By:     Jared J. Douglas
Assistant United States Attorney

As evidenced by my signature at the bottom of the twelve (12) pages of this letter agreement, I have read and understand the provisions of each paragraph herein and, hereby, fully approve of each provision.

_____
Elizabeth Jo Shirley, Defendant

_____
Edward B. MacMahon, Jr., Esq.
Counsel for Defendant

30 Apr 2020
_____
Date

4-30-2020
_____
Date

- 12 -